S. L. JONES &·CO. *v.* OXFORD VARNISH CORP.

1. SALES—DELIVERY—TENDER—CHINA WOOD OIL.

> Under contract for sale of two tank cars of China wood oil "f. o. b. tank cars Pacific coast" delivery to carrier would have been delivery to buyer, hence tender of delivery to the carrier was sufficient, under uniform sales act to hold buyer liable for difference between contract and market price upon latter's refusal to accept delivery at place and time covered by contract (2 Comp. Laws 1929, §§ 9458, 9485).

2. SAME—DAMAGES—TENDER—CERTIFICATE OF PURITY.

> Seller of two cars of China wood oil of purity to be evidenced by certain certificate *held*, entitled to recover difference between contract and market prices where buyer refused to take oil within contract period, pleadings and evidence do not suggest issue as to purity, tender was not refused for failure to supply certificate and testimony was sufficient to justify inference that purity of oil was properly evidenced (2 Comp. Laws 1929, §§ 9458, 9485).

Appeal from Wayne; Stein (Christopher E.), J., presiding. Submitted April 2, 1935. (Docket No. 23, Calendar No. 38,173.) Decided May 17, 1935.

Assumpsit by S. L. Jones & Company, a California corporation, against Oxford Varnish Corporation, a Michigan corporation, on a written contract for the sale of oil. Judgment for plaintiff. Defendant appeals. Affirmed.

*Griffin, Heal & Emery,* for plaintiff.

*Milton W. Kleckner,* for defendant.

FEAD, J. October 7, 1930, plaintiff contracted in writing to sell and defendant to buy two tank cars

of China wood oil, delivery as required by buyer, during 1931, to be shipped from the Pacific coast at a price "f.o.b. tank cars Pacific coast," the quality to be "pure-guaranteed to pass Worstall's or Bacon's test for purity;" the contract being subject to the rules of the Oriental Oil Association, which provided:

"Purity of oil to be evidenced by certificate issued by the laboratories of either Robert A. Worstall, Charles V. Bacon."

Several times during 1931 plaintiff urged defendant to take delivery but it refused. January 4, 1932, plaintiff loaded the tank cars at San Francisco and notified defendant they were ready for shipment and, unless orders were given, it would be obliged to resell in accordance with a rule of the association. Defendant did not answer, plaintiff sold the oil at a loss, brought this action for the damage, and had judgment of the court without a jury.

Delivery to the carrier would have been delivery to defendant. Uniform sales act, 2 Comp. Laws 1929, §§ 9485, 9458; *Dow Chemical Co.* v. *Detroit Chemical Works,* 208 Mich. 157 (14 A. L. R. 1200); *Hatcher* v. *Ferguson,* 33 Idaho, 639 (198 Pac. 680, 16 A. L. R. 590, and note). So tender of delivery to the carrier was sufficient.

The record is silent as to whether plaintiff had a certificate of purity of the oil. Neither the pleadings nor testimony suggested an issue on the point; nor was the tender refused for want of certificate. The correspondence between the parties referred to the contracted oil, and there was testimony that the loss represented the difference between the contract price and market price of the oil at place of delivery at the time delivery should have been accepted.

The testimony could have been more specific, but we think there was sufficient to justify an inference by the court that the purity of the oil was properly evidenced.

Judgment affirmed, with costs.

Potter, C. J., and Nelson Sharpe, North, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.